```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

EDDIE GRAY HOLT                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:23cv484-TSL-MTP

THE CITY OF MERIDIAN, THE MERIDIAN
POLICE DEPARTMENT, CHRIS READ,
BRANDON FIREPLACE, ROCHESTER ANDERSON,
AND PERCY BLAND                                             DEFENDANTS

ORDER

Plaintiff Eddie Gray Holt, proceeding pro se, has filed the present action asserting federal claims under 42 U.S.C. § 1983 for alleged violation of his rights under the First, Fourth and Fourteenth Amendments, along with various state law claims. Defendants Chris Read, Brandon Fireplace, Rochester Anderson and Percy Bland have moved for judgment on the pleadings based on qualified immunity pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motion. The court, having considered the motion and response, finds that plaintiff has failed to allege sufficient facts to overcome defendants' qualified immunity. However, particularly in light of plaintiff's pro se status, and also because the Fifth Circuit has advocated the use of a Rule 7 reply where a complaint's allegations are insufficient to overcome qualified immunity, the court, rather than dismiss at

this time, will direct that plaintiff file a Rule 7 reply, as explained below.

Qualified immunity "protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." Morgan v. Swanson, 659 F.3d 359, 370 (5th Cir. 2011). Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

In the present case, for the reasons set out in defendants' motion, the court concludes that plaintiff's complaint, as pled, does not contain sufficient facts to state a plausible claim for relief against any of the defendants. Plaintiff alleges that defendant Percy Bland, Mayor of the City of Meridian, angered by plaintiff's criticism of Bland and support for Bland's opponent in mayoral elections, used the Meridian Police Department to exact his revenge against plaintiff in various ways. Relatedly, he alleges that Meridian Police Chief Chris Read directed his subordinates to do Mayor Bland's bidding. Plaintiff, however, has alleged no facts to support these charges, which appear as nothing more than speculation and conjecture on his part. Plaintiff alleges that Brandon Fireplace, a Meridian police officer, was observed dressed in civilian clothes with his personal vehicle (a truck) backed up to plaintiff's business in

2

such a way as to block persons from exiting the building.[1] According to the complaint, plaintiff purportedly believes Fireplace was acting at the direction of Mayor Bland and his intention was to "grab Plaintiff and take him to an undisclosed location and teach him a lesson." These facts clearly do not allege a constitutional violation. At most, plaintiff has alleged that Fireplace was present at his business. Plaintiff's alleged belief as to the reason for Fireplace's presence is unsupported by any factual allegations and appears entirely speculative. Plaintiff was not home at the time of this alleged event, and he does not allege that he was ever restrained or harmed in any way by Fireplace.

Plaintiff alleges that defendant Meridian Police Officer Rochester Anderson, who was allegedly in an intimate relationship with the mother of one of plaintiff's children, wrongfully arrested and detained plaintiff for domestic violence in July of 2020, and subsequently, in January 2021, arrested him for child pornography, conducted an illegal search of plaintiff's business and then arrested plaintiff for possession of a weapon by a felon. However, according to plaintiff's own allegations, he was convicted on the domestic violence charge

---

[1] Plaintiff alleges this incident and the later search and seizure of a weapon occurred at his "business." Defendants refer to the events as having taken place at plaintiff's home.

and his conviction has not been overturned. Further, although the child pornography charge was ultimately dismissed, he was arrested on that charge pursuant to a warrant issued by a judge. And although he alleges that the gun which was the basis for the felon-in-possession charge was found pursuant to an illegal search, he specifically alleges that the search was conducted pursuant to a search warrant and admits that the gun was, in fact, discovered during the search of his premises pursuant to that warrant. As fully explained in defendants' motion, these facts wholly undermine plaintiff's charge that Anderson violated his constitutional rights.

"In qualified immunity cases where the district court finds a complaint insufficient under Rule 8(a)(2), the review process on a motion to dismiss does not necessarily end. The district court may order the plaintiff to file a reply to the qualified immunity defense under Federal Rule of Civil Procedure 7(a)(7)." Gaines v. Jefferson Cnty. School Dist., Civ. Action No. 5:22-cv-00032-DCB-FKB, 2023 WL 4096702, at *3 (S.D. Miss. June 20, 2023). Particularly since plaintiff is proceeding pro se, the court will allow him to file such a reply. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations.'" Id. (quoting Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995)). In the reply, it shall be plaintiff's burden to show that qualified immunity does not

4

apply by "non-conclusory factual averments sufficient to allow a plausible inference that: '(1) [each defendant] violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct.'" Williams v. City of Jackson, Civ. Action No. 3:20-CV-785-DPJ-FKB, 2021 WL 4485865, at *3 (S.D. Miss. Sept. 29, 2021) (quoting Khan v. Normand, 683 F.3d 192, 194 (5th Cir. 2012)).  To do this, he must (1) identify the specific federal claim each defendant is alleged to have violated and how he is alleged to have violated it; (2) identify the specific facts that support each claim; and (3) as to each claim, identify the legal basis establishing that the alleged conduct violated plaintiff's rights.  Id.

Accordingly, it is ordered that plaintiff shall file a Rule 7 reply on or before August 8, 2024.  Any response by defendant shall be filed within seven days thereafter.  The court will stay the motion to dismiss in the meantime.  Should plaintiff fail to timely file a Rule 7 reply or to demonstrate by such reply that qualified immunity does not apply, the case will be dismissed with prejudice and without further notice.

SO ORDERED this 25th day of July, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE